UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

CHRISTOPHER J. DESTEFANO and EVELYN
DESTEFANO,                                                       :

                                            *Plaintiffs*,        :        10-cv-05441 (ALC)

– against –                                                     :        OPINION AND ORDER

MVN ASSOCIATES, INC.,                                           :

                                            *Defendant*.        :

------------------------------------------------------------------


ANDREW L. CARTER, JR., UNITED STATES DISTRICT JUDGE:

        This case arises out of a claim of common law negligence and violations of state law for

alleged work condition violations under New York Labor Law Sections 200 and 241(6).[1]

Plaintiffs Christopher DeStefano and his wife filed an Amended Complaint against Defendant

MVN Associates, a New Jersey-based construction company, who installed a soil erosion control

system at DeStefano's work site.  MVN filed a motion to summary judgment on April 30, 2012.

For the reasons that follow, summary judgment is granted in part and denied in part.

--------

[1] In relevant part, Labor Law § 200 reads:
    All places to which this chapter applies shall be so constructed, equipped, arranged, operated and
    conducted as to provide reasonable and adequate protection to the lives, health and safety of all
    persons employed therein or lawfully frequenting such places. All machinery, equipment, and
    devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable
    and adequate protection to all such persons. . .

Labor Law § 241(6) reads:
    All contractors and owners and their agents . . . shall comply with the following requirements. . .
    All areas in which construction, excavation or demolition work is being performed shall be so
    constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable
    and adequate protection and safety to the persons employed therein or lawfully frequenting such
    places.

Background

At the time of his deposition, DeStefano had been employed by Consolidated Edison Company of New York Inc. ("Con Edison") for 29 years. Throughout this time, DeStefano worked in numerous capacities at Con Edison and at the time of the incident was a Chief Construction Inspector.

Con Edison contracted with MVN for various work projects at Bronx Kills Randall's Island Utility Crossing Project, including installation of a utility bridge and conduit system between East 132nd St, Bronx, New York and Randall's Island. The Project required a soil erosion control system, per Department of Environmental Conservation requirements. The soil erosion control system consisted of a metal silt fence held between two stakes that were put in the ground, with hay bales placed directly against the silt fence. The hay bales and fencing ran parallel to the water and perpendicular to pre-existing concrete duct banks.

On January 6, 2009, at approximately 8 pm, DeStefano went to check timber supports underneath concrete duct banks located on the other side of the soil erosion control system. To pass the system, he stepped on a hay bale. When he tried to step off the hay bale, his right foot was caught in the silt fencing causing him to trip and causing subsequent injury, namely, falling forward onto the concrete duct bank.

Legal Analysis

Summary judgment is proper where "admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law." *See Calabro v. Nassau University Medical Center*, 424 F.Supp.2d 465, 470 (E.D.N.Y. 2006) (citing *Viola v. Philips Med. Sys. of N. Am.,* 42 F.3d 712, 716 (2d Cir.1994). The moving party does not bear the burden

of proving that his opponent's case is wholly frivolous. *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir. 1988) (citations omitted). "[I]n cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Id.* at 210-211.

    1.  Labor Law § 200

    "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed." *Ortega v. Puccia*, 57 A.D.3d 54, 61 (N.Y. App. Div. 2008). At issue here is whether the soil erosion system presented a dangerous condition. Where a plaintiff's injuries stem not from the manner in which the work was being performed, but instead from a dangerous condition on the premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 only if it had control over the work site and either created the dangerous condition or had actual or constructive notice of it. *Martinez v. City of New York*, 73 A.D.3d 993, 997-998 (N.Y. App. Div. 2010). MVN's summary judgment motion lays out the myriad ways that the soil erosion control system was not a dangerous condition, *see* Mot. 10-13, or at least not one which MVN had notice of, *see* Mot. 13-15.

    Although Plaintiffs spend the lion's share of their opposition motion recounting deposition testimony, Opp. Mot. at 3-11, they raise some issues. As pertains to their claims under section 200, there is dispute over the feasibility of moving the soil erosion control system. The Injury Investigation Report noted that corrective action—moving the silt fence so that any

employees who must view the bracing will not have to step over it—had been taken.  (Doc. 32, Ex. M).

Evidence of subsequent remedial measures is inadmissible to prove negligence. *Wright v. Saeed Deli & Grocery*, 275 A.D.2d 999, 999, 713 N.Y.S.2d 639, 640 (N.Y. App. Div. 2000); *Cacciolo v. Port Auth.*, 186 A.D.2d 528, 588 N.Y.S.2d 350, 352 (N.Y. App. Div. 1992). However, it may be used to establish feasibility of a safer condition, *see In re Joint Eastern Dist. and Southern Dist. Asbestos Litigation*, 995 F.2d 343, 345-346 (2d Cir. 1993); *Saltz v. Wal-Mart Stores, Inc.*, 10-civ-4687(NRB), 2012 WL 811500, *6 (S.D.N.Y. Mar. 7, 2012), or proof of ownership and control, *Niemann v. Luca*, 214 N.Y.S.2d 267, 268 (N.Y. App. Div. 1995); *Cacciolo*, 588 N.Y.S.2d at 352–353, but only if these issues are contested.

Unfortunately for Plaintiffs, feasibility of alternative usable locations is not at issue here. Rule 56.1 Statement of Facts ("SF") ¶¶ 76-82 (MVN's temporary removal of erosion control system).  Neither is the issue of control of the placement of the soil erosion control system as MVN readily admits that it had the ability, indeed the responsibility to move the system when asked by Con Edison employees.  Mot. at 3-4; SF ¶ 20 ("MVN maintain the soil erosion control system, fixing things on an "as-needed" basis).  Thus, the Injury Investigation Report is not admissible for Plaintiffs' purpose and cannot support Plaintiffs' opposition to summary judgment. *See Presbyterian Church Of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009) (quoting *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997)) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.")[2]

---

[2] "Because the purpose of summary judgment is to weed out cases in which "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law," it is appropriate for district courts to decide questions regarding the admissibility of evidence on summary judgment." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) (quoting Fed. R. Civ. P. 56(c)).

2. Labor Law § 241(6)

Section 241(6) is only available if Plaintiff establishes something more than general standards of safety. *Ross v. Curtis-Palmer Hydro-Electric Co.*, 81 N.Y.2d 494, 505 (N.Y. 1993) ("[A] distinction must be drawn between provisions of the Industrial Code mandating compliance with concrete specifications and those that establish general safety standards by invoking the "[g]eneral descriptive terms" . . .The former give rise to a nondelegable duty [of Labor Law § 241(6)], while the latter do not.") Section 23-1.7(e) is sufficient to establish a claim under section 241(6).[3] *See Boss v. Integral Const. Corp.*, 249 A.D.2d 214, 215, 672 N.Y.S.2d 92, 93 (1st Dep't 1998).

Plaintiffs are not entitled to relief under 12 NYCRR 23-1.7(e)(1) because the pathway at issue is not a "passageway." *Smith v. Hines GS Properties, Inc.*, 29 A.D.3d 433, 433, 815 N.Y.S.2d 82, 82 (N.Y. App. Div. 2006). As in *Smith*, there is no basis for concluding that the soil erosion system is a passageway. This is especially true when Plaintiffs admit that the soil erosion control system is not a designated walkway, Opp. Mot. at 15; SF ¶ 19. Thus, Plaintiffs' claims under subsection (e)(1) must be dismissed.

However, *Smith* does support a claim under subsection (e)(2) where workers "routinely traversed this physically defined area as their only access to equipment and materials." *Smith*, 29 A.D.3d at 433, 815 N.Y.S.2d at 82. DeStefano repeatedly admits that this was not the only way

---

[3] Section 23-1.7(e), titled "Tripping and other hazards" reads:

(1) Passageways. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered.

(2) Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed.

12 NYCRR 23-1.7(e)

to access the duct bank. *See, e.g.*, SF ¶¶ 18, 19; Opp. Mot. at 15 (workers would frequently walk over the soil erosion control system to avoiding walking 150 feet around the end of the system). However, the uniqueness of access was not necessarily the definitive basis for the *Smith* decision. *E.g.*, *Maldonado v. Flintlock Const. Services, LLC*, No. 11229/08, 2011 WL 2640793, *3 (N.Y. Sup. Ct. June 30, 2011) (denying summary judgment on 241(6) claim even where "not all deliveries were received in the area of [Plaintiff's] fall"). That the soil erosion system included stakes above the hay bales presents an issue of fact that the de facto pathway was not kept clear of sharp projections.

We must view the facts in the light most favorable to the nonmovant. Thus, Plaintiffs' case may proceed under 12 NYCRR 23-1.7(e)(2) as a basis for his section 241(6) claim. Summary judgment is granted as to the section 241(6) claim based on section 23-1.7(e)(1) of the Industrial Code and as to the section 200 claim.

SO ORDERED.

Dated:      February 1, 2013
            New York, New York

_____
United States District Judge

6